IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **VINCENT EDWARD LILLY,** § | |
| **TDCJ No. 00467486,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00002-O-BP |
| § | |
| **LORIE DAVIS, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| **Respondent.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Daniel Lilly, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). After considering the claims alleged in the Petition, the undersigned **RECOMMENDS** that United States District Judge Reed O'Conner **DENY** Petitioner's Petition for Writ of Habeas Corpus.

**Background**

Lilly challenges the validity of disciplinary action no. 20170146521, in which he was charged with refusing to accept a double-celling housing assignment. (ECF Nos. 1 at 5; 15-2 at 4). Lilly states that the disciplinary action resulted in thirty days good time credit lost and a continuation of his line class 3 status. (ECF No. 1 at 5). Lilly argues that he was denied the right to attend the disciplinary hearing because his counsel substitute and Disciplinary Hearing Officer ("DHO") falsified records indicating he did not want to attend the hearing and that because he was not permitted to attend the hearing, his plea was falsified. (ECF No. 1 at 6, 2 at 5–6).

On January 9, 2017, Lilly notified TDCJ officials that he would no longer accept a double cell housing assignment because he had been incarcerated for over 30 years and there is no law indicating that he must accept such a housing assignment. (ECF No. 1 at 2). On January 18, 2017, Lily refused a double celling housing assignment. (ECF No. 2 at 2). On the same day, Lilly was charged with violating TDCJ-CID Disciplinary Rules and Procedures for Offenders 24.2 for refusing to accept a housing assignment. (ECF No. 15-2 at 4). On January 20, 2017, Counsel Substitute Ballard notified Lilly of the charge and the disciplinary hearing. (ECF No. 2 at 2, 15-2 at 3). Lilly claims that he told Counsel Substitute Ballard that "she did not need to read [him] the case I [sic] knew what it was for, but I wanted to attend the hearing . . . ." (ECF No. 2 at 2). Lilly admits that he did not review the notification and that he "crumbled it up and threw it in the toilet." (*Id.*). Counsel Substitute Ballard indicated that Lilly declined to sign the "Offender Notification Signature" line and declined to attend the hearing. (ECF No. 15-2 at 3). On Lilly's Hearing Work Sheet and on his Service Investigation Work Sheet, Counsel Substitute Ballard indicated that Lilly declined to attend the disciplinary hearing, to make a statement at the disciplinary hearing, and did not refute the offense. (*Id.* at 7–9). At the January 23, 2017, disciplinary hearing, Lilly was represented by s substitute counsel, who entered a not guilty plea on his behalf. (ECF Nos. 1 at 6; 2 at 2, 15-2 at 3). Lilly did not attend the hearing in person. (ECF Nos. 1 at 6; 2 at 2, 15-2 at 10). The DHO found that Lilly was guilty of the offense of refusing a housing assignment. (ECF No. 15-2 at 7).

Lilly filed the instant petition on January 8, 2018. ⁽ECF No. 1). Pursuant to this Court's order (ECF No. 7), the State filed an answer in which it argued that Lilly's petition should be denied and dismissed with prejudice because it raises claims that are procedurally barred, and in the alternative, it raises claims that do not entitle Lilly to federal habeas relief. (ECF No. 7). On

August 3, 2018, Lilly filed a reply to the State's answer. (ECF No. 26). The petition is ripe for a decision.

## Analysis

Lilly has failed to state a colorable claim for habeas corpus relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise, however, where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life.

Lilly states that he is eligible for mandatory supervised release and this point is not in dispute. Thus, Lilly had a constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). But he has no constitutionally protected interest in his custodial classification. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Therefore, to the extent Lilly's custodial classification was to improve in the future, the continuation of his Line 3 custodial classification does not warrant due process protection

Lilly contends that he was denied his right to attend his disciplinary hearing because Substitute Counsel Ballard indicated that Lilly did not want to attend his hearing. (ECF No. 2 at 5). A person seeking federal habeas corpus review must assert a violation of a federal constitutional

right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Prisoners are entitled to the following rights when threatened by the loss of good time in prison disciplinary proceedings: (1) written notice of the claimed violation at least twenty-four hours before a disciplinary hearing, (2) a written statement of the fact finders as to the evidence relied on and reasons for the disciplinary action taken, and (3) the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974)). The Supreme Court has specifically held that a prisoner does not have "a due process right to confrontation or cross-examination during prison disciplinary proceedings." *Wolff*, 539 U.S. at 556. The Court subsequently placed severe limitations on challenges to disciplinary cases in *Sandin*, 515 U.S. at 485 ("Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. . . . Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.") (internal quotation omitted).

The evidence shows that Lilly had adequate notice of the disciplinary hearing. On his offender grievance step 1 form, Lilly wrote that "[o]n January 20, 2017, Counsel-sub M. Ballard came to my cell to serve me with [n]otice of the case." (ECF No. 15-1 at 5). Contrary to Lilly's allegation that he was not given an opportunity to sign the notification, (ECF No. 2 at 6), the disciplinary hearing records indicate that Lilly was notified of his January 23, 2018 disciplinary hearing on January 20, 2017 and that he declined to sign the document notifying him of the hearing. (ECF Nos. 15-1 at 8, 15-1 at 3). Further, Lilly stated in his Petition that he did not review the disciplinary hearing notification and that he instead "crumbled it up and threw it in the toilet." (ECF No. 2 at 8). Thus, the evidence and Lilly's Petition indicate he had twenty-four hours' notice

of the charges against him before the disciplinary hearing took place. *See Johnson v. Director*, No. 6:09-cv-379, 2010 WL 519724, at *4 (E.D. Tex. Feb. 9, 2010) (finding no due process violation when the petitioner was given written notice of the charges against him twenty-four hours before the disciplinary hearing).

Additionally, the evidence shows that Lilly waived his right to attend the hearing. The DHO found that Lilly waived his right to attend the hearing based on his counsel substitute's statement and Lilly's nonappearance. (ECF No. 18) (disciplinary hearing audio). As indicated in the audio records, Lilly's counsel substitute told the DHO that Lilly was notified of the hearing, he refused to attend the hearing, and he was told his rights under the TDCJ policies. (*Id.*). Lilly had the opportunity to present his case, including the opportunity to call witnesses and present documentary evidence, during the disciplinary hearing, and in fact did so through his counsel substitute. He also could have attended the hearing in person, but apparently chose to forego that opportunity.

Lilly contends that his counsel substitute and the DHO falsified records to indicate he waived his right to attend the disciplinary hearing and to enter a plea on his behalf. Lilly argues that because "guilty" or "not guilty" on the disciplinary hearing notice was not circled, then this is evidence that Counsel Substitute Ballard falsified Lilly's response that he did not want to attend the disciplinary hearing. "Where a disciplinary hearing does not otherwise violate a prisoner's rights, allegations of falsified evidence are not grounds for federal habeas relief." *Olsen v. Batts*, No. 1:15-CV-044-BL, 2016 WL 8078307, at *3 (N.D. Tex. Dec. 29, 2016), *adopted by*, No. 1:15-CV-044-C, 2017 WL 384684 (N.D. Tex. Jan. 26, 2017) (quoting *Henderson v. Quarterman*, CA No. C-08-042, 2008 WL 3005476, at *10 (S.D. Tex. Aug. 1, 2008) (citing *Spellmon v. Price*, 100 F.3d 953, 1996 WL 625422, at *3 (5th Cir. Oct. 10. 1996) (per curiam) (unpublished) (internal

citation omitted)). Because the record documentary evidence, Lilly's Petition, and disciplinary hearing record show that Lilly's rights were not violated, then this claim is without merit.

Moreover, the evidence shows that Lilly was provided a written statement from the fact finder as to the evidence relied on and reasons for the disciplinary action taken in the form of a copy of the disciplinary report and hearing record, although he refused to sign an acknowledgment of receipt of the final report. (ECF No. 15-2 at 3). His refusal to acknowledge receipt does not alter the fact that he was provided a written statement of the evidence relied upon and reasons for the decision.

In summary, there was evidence to support the charges made against Lilly, despite his arguments to the contrary. The role of the federal courts in reviewing the evidence from prison disciplinary cases is very limited. The Court must only "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Johnson v. Stephens*, No. 2:14-cv-00028, 2017 WL 10261264, at *3 (N.D. Tex. Feb. 23, 2017) (citing *Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir. 2001)). The "some evidence" standard is extremely deferential. *Morgan v. Dretke*, 433 F.3d 455, 457 (5th Cir. 2005). In the present case, the disciplinary hearing audio records show that the DHO considered evidence presented by the parties, including Lilly's counsel substitute who advocated on his behalf, the disciplinary report, and case investigation report. (ECF Nos. 15; 18). There was evidence in the record considered by the hearing office to support his finding against Lilly. Accordingly, this claim for relief is without merit.

Finally, to the extent that Lilly claims that he has a right to a "single cell" housing assignment, such a claim is an attack on a condition of confinement and is not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas

corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement"); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention"). Accordingly, the Court should deny this claim without prejudice so that Lilly may assert it in a civil rights complaint filed under 42 U.S.C. § 1983 after exhausting available administrative remedies, if he chooses to pursue that claim.

## Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED** with prejudice and the civil rights claim asserted be **DENIED** without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 11, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE