IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VINCENT EDWARD LILLY,<br>TDCJ No. 00467486,<br><br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>    Respondent. | § § § § § § § § § § § § § | Civil Action No. 7:18-cv-002-O-BP |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE AS SUPPLEMENTED HEREIN**

This is a habeas action brought pursuant to 28 U.S.C. § 2254 in which Petitioner challenges the validity of prison disciplinary action taken against him at the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. The United States Magistrate Judge entered his Findings, Conclusions, and Recommendation in which he recommends that the petition be denied. ECF No. 27. Objections were filed by Petitioner. ECF No. 30. The District Court reviewed de novo those portions of the Findings, Conclusions, and Recommendation to which objection was made, and reviewed the remaining Findings, Conclusions, and Recommendation for plain error. Finding no error, I am of the opinion that the findings of fact, conclusions of law, and reasons for denial set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as the Findings of the Court with the following additional findings:

Petitioner states that he was denied the right to attend the disciplinary hearing. Review of the record reflects that there is no support for this claim. Rather, the record reflects that Petitioner was offered the opportunity to attend the hearing and declined. *See* TDCJ Disciplinary Report and

Hearing Record, ECF No. 15-1 at 7; Offender Notification, ECF No. 15-2 at 3; Hearing Worksheet, ECF No. 15-2 at 7; Service Investigation Worksheet, ECF No. 15-2 at 8-9; Waiver of Right to Attend Disciplinary Hearing, ECF No. 15-2 at 10; Disciplinary Hearing Audio Recording.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir.1983). Therefore, Petitioner is not entitled to relief on his claim that he was improperly denied his right to attend the disciplinary hearing. *See Cotton v. Chapman*, 342 Fed. App'x 960, 962 (5th Cir. 2009) (claim that petitioner was not informed of rights before hearing held to be without merit where report of the hearing officer stated petitioner was informed of rights prior to hearing); *Johnson v. Director, TDCJ-CID*, No. 9:12-cv-079, 2015 WL 4396357 at *2 (E.D. Tex. July 15, 2015) (claim that petitioner was denied the right to attend disciplinary hearing found without merit where the record reflected that petitioner was excluded because of his own belligerence); *Stibbens v. Thaler*, No. 7:07-cv-139-O, 2010 WL 2228523 at *3 (N.D. Tex. June 3, 2010) (claim that petitioner was denied the right to attend his disciplinary hearing was rejected where record reflected he was given the opportunity to attend, but refused to do so); *Johnson v. Director*, No. 5:06-cv-156, 2007 WL 1257104 at *2-3 (E.D. Tex. Apr. 30, 2007) (same).

To the extent that Petitioner claims he is entitled to a "single cell" housing assignment, the Magistrate Judge recommends dismissal without prejudice to Petitioner's right to bring that claim in a civil rights action. The Court finds that, to the extent Petitioner presents such a claim, it is without merit.

Petitioner was disciplined for refusing to accept housing in a cell with another inmate. *See* TDCJ Disciplinary Report and Hearing Record, ECF No. 15-1 at 7. He claims that there is no law

requiring prisoners to be confined in a cell with another inmate and that "double celling" serves no legitimate governmental interest. *See* Petitioner's Objections, ECF No. 30 at 8-9. He asks the Court to declare that, under the Eighth Amendment, prison officials cannot compel an inmate to accept double-cell housing when the inmate requests a single cell in administrative segregation. *See* Petition, ECF No. 1 at 7.

In *Bell v. Wolfish*, 441 U.S. 520, 542 (1979), the United States Supreme Court indicated that there is no constitutional principle requiring "one man, one cell," and that the "double celling" of inmates is not a *per se* unconstitutional condition. Construing Petitioner's "double celling" claim in the context of a civil rights action, it has no merit. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Duncan v. Puckett*, 91 F.3d 137, 1996 WL 400039 (5th Cir. May 27, 1996) (upholding the dismissal, as frivolous, of an inmate's claim of being placed "in a single cell with another inmate"); *Thompson v. Stalder*, 2008 WL 874138, *7 (M.D. La. April 1, 2008) (finding that "the mere fact that an inmate may be double-celled for a period of time does not, as a matter of law, state a claim of constitutional dimension"); *Higgins v. Jefferson Parish Prison*, 1988 WL 24137, *3 (E.D. La. March 7, 1988) (claim of being housed in a cell with another inmate dismissed as frivolous).

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED.** To the extent, if any, that Petitioner presents a civil rights claim seeking the right to a single cell housing assignment upon demand, the claim is **DISMISSED** with prejudice as frivolous.

**SO ORDERED** this **25th day** of **January, 2019**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE